PER CURIAM.
Burdick appeals dismissal of his petition for workers’ compensation benefits. Finding no merit in the Appellant’s constitutional challenges, we affirm.
The Appellant filed a petition for benefits pursuant to section 440.192(1), Florida Statutes (Supp.1994). Sitting as Docketing Judge, Judge of Compensation Claims John J. Lazzara dismissed without prejudice the petition for failure to comply with section 440.192(2)(b), (d), and (i), Florida Statutes (Supp.1994). Although the order dismissing the petition allowed 20 days in which to amend the petition, the Appellant filed a motion for rehearing asserting that he was not able to ascertain from the order of dismissal what information was needed. The motion included a request for change of venue to Daytona Beach. Judge Lazzara relinquished jurisdiction to Judge of Compensation Claims Rand Hoch.
Following a hearing, Judge Hoch found that the petition complied with sections 440.192(2)(b) and (d) but failed to comply with section 440.192(2)(i). The latter section requires specific information on the face of the petition identifying “[t]he type or nature of treatment care or attendance sought and the justification for such treatment.” Section 440.192(2)(i), Florida Statutes (Supp. 1994) (emphasis supplied). The petition reflects a request for “[mjedieal benefits, specifically authorization for chiropractic treatment, attorney’s fees and costs.” The JCC correctly found that the petition failed to comply specifically with the statute by not identifying the justification for the treatment sought.
Although, as conceded in his brief, the Appellant could have amended the petition to attempt to comply with the requirements of the statute, he informed the JCC that he would not amend the petition and requested dismissal with prejudice. The Appellant now challenges sections 440.192(2)(i) and 440.45(3) as impediments to his access to courts[1] and violations of due process.[2] We find no merit to the constitutional issues raised. See Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA) review denied 411 So.2d 383 (Fla.1981); Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla.1974). The order is, therefore, AFFIRMED.
ZEHMER, C.J., BARFIELD, J., and SHIVERS, Senior Judge, concur.

. Fla. Const. Art. 1, § 21.

. U.S. Const, amend. XIV, § 1; Fla. Const. Art. 1, § 9.